Dear Mr. Johns,
You have asked for clarification of the possible conflict between LSA-R.S. 32:771-780 and LSA-R.S. 32:1252(14), particularly, whether a limited liability company or other non-corporate subsidiary of a Louisiana Motor Vehicle Commission (LMVC) licensee must obtain a license from the LMVC or from the Louisiana Used Motor Vehicle and Parts Commission (LUMVPC) in order to sell used vehicles.
The powers and duties of the LMVC are outlined in LSA-R.S.32:1251 et seq., which are contained in Chapter 6 of Title 32. LSA-R.S. 32:1254(N)(1)(a) states that "Any person, firm, association, corporation or trust engaging in business as, or serving or acting as a motor vehicle dealer, used motor vehicle dealer, in this state must first obtain a license therefor "
LSA-R.S. 32:1252(14) defines used motor vehicle dealer as "any person, firm, association, corporation, or trust who holds a new motor vehicle dealer's license and is not excluded by paragraph 23(b) of this section." However, LSA-R.S.32:1252(23)(b) states that "used motor vehicle dealer shall not include any of the following: (vi) used motor vehicle dealers licensed pursuant to R.S. 32:771, et seq." This provision, then, generally excludes LUMPVC licensees from the requirement to receive a license from the LMVC, as it excludes all LUMVPC licensees from its definition of "used motor vehicle dealer" within the scope of Chapter 6.
An exception is carved out, however, when the used motor vehicle dealer is a subsidiary corporation of a LMVC licensee. LSA-R.S. 32:1252(14)(A) defines motor vehicle dealer as any person, firm, association, corporation, or trust who holds a bona fide franchise in effect with a manufacturer or distributor of new or unused motor vehicles, and a license under the provisions of [Chapter 6] or a subsidiary corporation of any such corporation."
(Emphasis added). A subsidiary corporation under Chapter 6 is defined as "a corporation engaged in the business of selling, or leasing motor vehicles, in which a majority of the outstanding stock is owned by a corporation or the majority shareholders of a corporation that holds a license issued by the commission." LSA — R.S. 32:1252(23)(b). Therefore, if a company fits the definition of subsidiary corporation, its license shall be obtained from the LMVC.
In the instant case, the entity in question is limited liability company, not a corporation. A corporation and a limited liability company are both distinct business entities which are defined by law and differ in the method of creation and governance. The terms are not used interchangeably. It is a well established principle in the law that the starting point for the interpretation of any statute is the language of the statute itself; when the statute is clear and unambiguous and its application does not lead to absurd consequences, the statute is applied as written, and no further interpretation may be made in search of legislative intent. Richard v. Hall, 2003-1488 (La. 4/23/04); LSA-R.S. 1:4; LSA-C.C. art. 9. According to the definition, both the subsidiary as well as the parent company must be a corporation, for the entity to be covered by this provision, subjecting it to LMVC regulation.
The powers and duties of the LUMVPC are outlined in LSA-R.S.32:771 et.seq., contained in Chapter 4-B of Title 32. LSA- R.S. 32:774(A)(1) states that "It shall be unlawful and shall constitute a misdemeanor for any person, firm, association, corporation, limited liability company, or trust to engage in business as, or serve in the capacity of, or act as a used motor vehicle dealer without first obtaining a license therefore as provided in this section." Accordingly, when a business entity is a limited liability company, and is acting in the capacity of used motor vehicle dealer, its licensing will fall under this provision of the law, subjecting it to regulation by the LUMVPC.
It is therefore our opinion that a used motor vehicle dealer that is a limited liability company cannot be a subsidiary corporation so as to fall within the scope of Chapter 6 and therefore must be licensed by the LUMVPC.
Finally, the statutes go on to say that "the provisions of [Chapter 4-B] shall not apply to any person, partnership, corporation, limited liability company or other entity that is licensed or regulated by the Louisiana Motor Vehicle Commission. If any provision of [Chapter 4-B] conflicts with any provision of Chapter 6 of [Title 32], the provisions of Chapter 6 of [Title 42] shall prevail." LSA-R.S. 32:778(A). Therefore, in such a case where the used motor vehicle dealer is a subsidiary corporation under the Chapter 6 definition, subjecting it to licensure and regulation by the LMVC, then the dealer would not be required to hold both licenses, but would be exempt from licensure and regulation by the LUMVPC as Chapter 4-B will not apply.
Very Truly Yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ___________________________ Jamie C. LeBoeuf Assistant Attorney General